**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TERRY PROCTOR
ADC #87410                                                                                                          PLAINTIFF

V.                                          NO: 5:06CV00075 WRW/HDY

BONNIE SMALLWOOD *et al.*                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than five (5) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this 42 U.S.C. § 1983 action, on March 31, 2006, alleging that some of his magazines have been confiscated due to the racially discriminatory attitudes of Defendants, and that he has been denied due process in the prison procedures used to make the determination to deny the magazines, and the appeal of that decision. On February 23, 2009, Defendants Thomas Hurst and Ray Hobbs filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #118-#120).[1] Plaintiff filed a response, a statement of facts, and a brief in support (docket entries #123-#125).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

---

[1] Defendant Bonnie Smallwood died in 2007 (docket entry #93).

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he subscribes to three "Black Publications." The publications to which Plaintiff subscribes are *XXL*, a music magazine; *SLAM*, a basketball magazine; and *RIDES*, an automobile magazine. Plaintiff alleges that he received his magazines when he was housed at the Cummins Unit, but once he transferred to the Varner Unit, the magazines were denied.[2] The stated reason was that the publications contained gang signs, and were therefore contrary to the security, discipline, or good order of the institution, as set forth in Administrative Regulation 864. Plaintiff believes this was not only racially discriminatory, and a violation of his first amendment rights, but believes that his due process rights were violated by the denial. Defendants contend that Plaintiff has failed to establish a constitutional violation, and that they are entitled to sovereign and qualified immunity.

---

[2]When the prison unit receives a publication addressed to an inmate, it is initially scanned for objectionable material by mailroom staff, who send the inmate notice that the publication has been "flagged." The mailroom staff does not determine whether the prisoner ultimately receives the publication, but forwards the publication to the unit's publication review committee, which in Plaintiff's case was chaired by Hurst. The committee makes a recommendation to the unit warden, who has the final decision. If an inmate disagrees with the decision, he may appeal to the central office publication review committee, which included Hobbs.

*A. First Amendment*

An inmate's right to receive mail is protected by the first amendment. *Weiler v. Purkett*, 137 F.3d 1047, 1050 (8th Cir. 1998) (en banc). While the constitution gives inmates that right, it may be limited by prison regulations. *Id*. When a prison regulation impinges on an inmate's constitutional rights, that regulation is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Factors to consider are whether there is a valid rational connection between the prison regulation and the legitimate governmental interest, whether there are alternative means of exercising the constitutional right remaining open to the inmate, impact the accommodation of the asserted constitutional right will have on guards, other inmates, and allocation of prison resources, and the absence of ready alternatives. *Id*. At 89-91. Applying these factors to this case, the Court concludes that Plaintiff's first amendment rights are not violated by the prison policy prohibiting magazines containing gang signs. There is a valid rational connection between the regulation and legitimate prison objectives (the security and good order of the prison) and Plaintiff has alternative means of exercising his constitutional right to receive mail. Additionally, allowing inmates to have access to any incoming magazine could have significant adverse impacts on other inmates or staff members, and there appears to be no ready alternative to prohibiting such publications.

*B. Due Process*

With respect to Plaintiff's assertions that his substantive and procedural due process rights were violated because he was not allowed to see the alleged signs in the photographs before he appealed their denial, the undersigned concludes that the process provided to Plaintiff met constitutional minimums.

A state violates substantive due process when it infringes on fundamental liberty interests

without narrowly tailoring that interference to serve a compelling state interest, or engages in conduct so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity. *Weiler v. Purkett*, 137 F.3d at 1051 (internal quotations omitted). A prisoner's right to receive magazines with photos of individuals flashing gang signs is not a right so "rooted in the traditions and conscience of our people" to qualify as fundamental, *id.*, citing *U.S. v. Salerno,* 481 U.S. 739, 751 (1987), nor does Plaintiff identify any conduct by Defendants that shocks the conscious. Thus, there was no substantive due process violation. Likewise, there was no procedural due process violation. "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334, (1976) (internal quotation and alteration omitted). At its essence, however, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. at 333 (internal quotation omitted). Plaintiff was given such an opportunity. It was not necessary that Plaintiff be given an opportunity to review the magazines in order to receive due process as he argues. Adding that requirement could very well defeat the purpose of restricting access to such magazines. The fact that Plaintiff is dissatisfied with the outcome of the review does not mean that Plaintiff was denied due process.

*C. Equal Protection*

Finally, Plaintiff asserts that copies of certain other magazines showing white individuals making hand gestures were not deemed to promote gang activity, and were allowed.[3] However, Plaintiff has failed to produce any evidence of magazines containing photographs of white individuals making gang signs which were approved for distribution to inmates.

---

[3]Although Plaintiff has identified the magazines to which he subscribed as "Black Publications," the race of the individuals making the alleged hand signs in those magazines is unclear.

Plaintiff has identified one white inmate, Roger Conlee, who allegedly was given the opportunity to continue receiving his publications if he dropped a grievance he had filed regarding their denial (docket entry #119, exhibit #10). However, a grievance history Defendants provided (docket entry #119, exhibit #14), demonstrates that Conlee did not file a grievance on the issue. Documentation Defendants provided also demonstrates that Conlee's November and December 2005 issues of *XXL* magazine were confiscated (docket entry #110, exhibits #11 & #13), just as Plaintiff's were (docket entry #110, exhibits #9 & #12). Plaintiff has identified no other inmates who were treated differently than he was. Thus, there was no unequal treatment. *See Weiler v. Purkett*, 137 F.3d at 1051-52 (elements of equal protection claim).

*D. Defendant Bonnie Smallwood*

Smallwood died in 2007, and is not a party to this motion. However, as discussed above, no constitutional right was violated. Moreover, it is uncontradicted that Smallwood was not a decision maker in the process of denying Plaintiff's magazines. At most, she "flagged" the publications for review by others. Finally, no motion for substitution was filed within 90 days of the suggestion of Smallwood's death. *See* Fed.R.Civ.P. 25(a)(1) (providing for the dismissal of action as to decedent if no motion for substitution made within 90 days). Accordingly, Plaintiff's claims against Smallwood should be dismissed with prejudice as well.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #118) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. All pending motions be DENIED AS MOOT.

DATED this   16   day of March, 2009.

6

*/s/ signature*

_____
UNITED STATES MAGISTRATE JUDGE